**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

PAUL A. BLAIS, et al.                    )
                                         )
            Plaintiffs,                  )
                                         )
      v.                                 ) **CIVIL ACTION NO. 02-285 (RCL)**
                                         )
THE ISLAMIC REPUBLIC                     )
      OF IRAN, et al.,                   )
                                         )
            Defendants.                  )

### PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT

Pursuant to Rule 55 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1608(d),

plaintiffs hereby move this Court for entry of default against defendants the Islamic Republic of

Iran, the Iranian Ministry of Information and Security ("MOIS"), and the Iranian Revolutionary

Guard Corps ("IRGC"), a/k/a the Pasdaran.

The reasons for the motion are more fully set out in the following Memorandum in

Support of Plaintiffs' Motion.

### MEMORANDUM IN SUPPORT
### OF PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT

This action arises out of the terrorist bombing on June 25, 1996, of the Khobar Towers

complex in Dhahran, Saudi Arabia.  In that attack, Paul Blais' young and promising life was

forever altered.  He suffered severe and disabling permanent injuries in the assault. Nineteen of

his Air Force compatriots were killed in the blast.

This action is brought by him and his parents, Curtis A. Taylor and Maria Taylor, to

recover damages for the pain and suffering of his personal injuries, for the economic losses caused by his ensuing disability and by being cut off from future employment, for intentional infliction of emotional distress, for solatium, and for punitive damages.[1]

## PROCEDURAL HISTORY

In a motion dated July 29, 2004 (Docket # 21), plaintiffs previously moved for entry of default against all three of the above named defendants.  On the same day, the Clerk of the Court entered default against the Islamic Republic of Iran only.  Docket # 24.  The Court subsequently issued an Order denying entry of default against the other two defendants, noting apparent deficiencies in the documentation of service by the United States Department of State against IRGC and MOIS.  Order of January 12, 2005, Docket # 25.  Plaintiffs moved for reconsideration. On June 3, 2005, the Court denied that motion for reconsideration and ordered plaintiffs to submit to the Court their plan for proceeding to perfect service on the IRGC and MOIS. Plaintiffs did so, and requested the State Department to effect proper diplomatic service on all three above-named defendants if it had not previously done so.

Now the United States Department of State has certified to the Court that it has successfully served, through diplomatic channels, all three of the above-named defendants.  In examining its records to find out what had gone wrong, the State Department concluded that it had incorrectly certified that service had been effected on February 3, 2004, on the Islamic Republic of Iran.  In fact, on that date, the relevant papers pertaining to the IRGC had been

---

[1] Similar claims arising from the wrongful deaths caused by the same attack on the Khobar Towers are already pending before the Court in the consolidated cases of *Heiser et al. v. Islamic Republic of Iran, CA No. 00-2329 (D.D.C.)* and *Campbell et al. v. . Islamic Republic of Iran, CA No. 01-2104 (D.D.C.).*

served through diplomatic channels, but the papers pertaining to the Islamic Republic of Iran and to MOIS had not been served:

> By a letter dated February 20, 2004, this office informed you that service documents for the Government of the Islamic Republic of Iran had been presented to the Ministry of Foreign Affairs of Iran by the Foreign Interests section of the Swiss Embassy in Teheran. At that time, a summons, complaint and notice of suit with appropriate translations for the Iranian Revolutionary Guard Corps were transmitted but documents for the other defendants were not.

Letter of September 14, 2005, from William P. Fritzlen to the Clerk of the Court, attached hereto as Exhibit A.

That error has now been rectified by proper service, through diplomatic channels, on August 2, 2005, on the other two defendants–The Islamic Republic of Iran, and MOIS:

> On August 2, 2005, the Foreign Interests Section of the Swiss Embassy in Tehran transmitted Summonses, complaints, and notices of suit along with the appropriate translations to the Islamic Republic of Iran and the Iranian Ministry of Information and Security to the Ministry of Foreign Affairs of Iran under cover of diplomatic notes numbers 1042-IE and 1043-IE.

Id. Mr. Fritzlen's letter continues, "All three defendants have now therefore had the service documents transmitted to them." Mr. Fritzlen summarizes:

> 28 U.S.C. 1608(c)(1) provides that service under 28 U.S.C. 1608(a)(4) shall be deemed to have been made as of the date of transmittal indicated in the certified copies of the diplomatic notes. For defendants Islamic Republic of Iran and Iranian Ministry of Information and Security, that date is August 2, 2005. For defendant Iranian Revolutionary Guard Corps that date is February 3, 2004.

Id. at 2.

Thus, when the Clerk initially entered a default against the Islamic Republic of Iran on July 29, 2004, and when this Court affirmed a default against the Islamic Republic of Iran, and refused to enter a default against IRGC and MOIS in its Order of January 12, 2005, it was relying

3

on the erroneous certification of February 20, 2004, by Mr. Fritzlen's predecessor at the State Department that papers pertaining to the Islamic Republic of Iran had been transmitted on February 3, 2004.  In fact, the papers transmitted on that date had pertained to IRGC, and therefore only IRGC had been properly served on that date.

However, as Mr. Fritzlen's letter makes clear, as of today, all three of the named defendants–The Islamic Republic of Iran, the IRGC, and MOIS--have been successfully served. Any new Order or entry of default issued by the Court or by the Clerk should reflect that fact, even if the Order takes the form of a *nunc pro tunc* order entering default against IRGC as of July 29, 2004, and another Order entering default against the Islamic Republic of Iran and against MOIS as of the date of that new Order.

<u>**ARGUMENT**</u>

I.    **IRAN, MOIS, AND THE IRGC WERE PROPERLY SERVED PURSUANT TO 28 U.S.C.§ 1608(a).**

The IRGC was properly served on February 2, 2004,[2] pursuant to 28 U.S.C. § 1608(a)(4), with the Second Amended Complaint in this matter, and Iran and the MOIS were properly served on August 2, 2005, pursuant to the same provision.

The Foreign Sovereign Immunities Act (FSIA) provides that service may be effected against a foreign state and its political subdivisions by sending copies of the Summons, Complaint, and Notice of Suit, along with a translation of each in the official language of the

---

[2]  Mr. Fritzlen's recent letter incorrectly refers to February 3, 2004, while the original State Department letter of February 20, 2004, written by Mr. Betancourt to the Clerk of the Court, referred to February 2, 2004.  The one-day difference is, however, immaterial to any issue before the Court.

foreign state to the Clerk of the Court.  Pursuant to Section 1608(a)(4), the Clerk then transmits these documents to the Secretary of State of the United States, to the attention of the Director of Special Consular Services.  The Secretary is then charged with service of the papers through diplomatic channels.  Once this service is accomplished, the Secretary sends back to the Clerk of the Court "a certified copy of the diplomatic note indicating when the papers were transmitted." 28 U.S.C. § 1608(a)(4).  Under 28 U.S.C § 1608(c), service is deemed to have been properly effected under Section 1608(a)(4) as of the date of transmittal indicated in the certified copy of the diplomatic note.

In this case, confirmation of initial service on the IRGC was initially filed with the Clerk of the Court on February 25, 2004 (docketed March 3, 2004), by Edward A. Betancourt, Director of the Department of State's Office of Policy Review and Interagency Liaison.  Confirmation of service on The Islamic Republic of Iran and on MOIS was filed with Court on September 15, 2005, Dcoket Entry # 29.  Service on IRGC was effected on February 2, 2004, and service on The Islamic Republic of  Iran and on MOIS was effected on August 2, 2005.

## II.   ENTRY OF DEFAULT IS APPROPRIATE IN LIGHT OF DEFENDANTS' FAILURE TO ENTER AN APPEARANCE OR OTHERWISE RESPOND TO SERVICE WITHIN 60 DAYS.

Pursuant to 28 U.S.C § 1608(d), a foreign state, a political subdivision thereof, or an agency or instrumentality properly served with a complaint under Section 1608(a) is required to serve an Answer or other responsive pleading within sixty days.  The sixty-day period for response from service on February 2, 2004 has run, and no defendant served on February 2, 2004 has filed an Answer or Responsive Pleading.  Similarly, the sixty day period from August 2,

2005, has also run, and none of the defendants served on that day has filed an Answer or responsive pleading.  Accordingly, entry of default is proper against defendants Iran, MOIS, and the IRGC under 28 U.S.C. § 1608(d) and Rule 55 of the Federal Rules of Civil Procedure.

<strong><u>CONCLUSION</u></strong>

For the reasons stated above, Plaintiffs respectfully request the Court to enter a default against defendants the Islamic Republic of Iran, The Iranian Ministry of Information and Security ("MOIS"), and the Iranian Islamic Revolutionary Guard Corps ("IRGC") a/k/a the Pasdaran.

Respectfully submitted,

/s/_____
Paul G. Gaston, DC Bar # 290833
LAW OFFICES OF PAUL G. GASTON
1120 19th Street, NW, Suite 750
Washington, DC 20036
(202) 296-5856
Fax: (202) 296-4154
*Attorney for Plaintiffs*

Dated: October 24, 2005