UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL A. BLAIS<br>303 Willow Oaks Blvd.<br>Hampton, VA 23669<br><br>CURTIS A. TAYLOR<br>303 Willow Oaks Blvd.<br>Hampton, VA 23669<br><br>MARIA TAYLOR<br>303 Willow Oaks Blvd.<br>Hampton, VA 23669,<br><br>        **Plaintiffs**,<br><br>    v.<br><br>THE ISLAMIC REPUBLIC OF IRAN<br>Minsitry of Foreign Affairs<br>Khomeini Avenue, United Nations<br>Street, Tehran, Iran<br><br>THE IRANIAN MINISTRY OF<br>INFORMATION AND SECURITY<br>Pasdaran Avenue Golestan Yekom<br>Tehran, Iran<br><br>IRANIAN ISLAMIC REVOLUTIONARY<br>GUARD CORPS a/k/a THE PASDARAN<br>Pasdaran Avenue, Golestan Yekom<br>Tehran, Iran<br><br>        **Defendants.** | CIVIL ACTION NO. 1:02CV00285 (RCL) |

**THIRD AMENDED COMPLAINT**

Plaintiffs, by counsel, respectfully file this Third Amended Complaint against Defendants for damages arising out of the June 25, 1996 terrorist attack on the Khobar Towers complex in Dhahran, Saudi Arabia. On that day, Hizballah terrorists detonated a 5,000 pound truck bomb outside the complex, which housed United States military personnel. The blast from this bomb sheared off the entire face of the Khobar Towers complex and shattered windows up to a half mile away. The blast killed nineteen Air Force service men and injured many others, some

1

severely.

Plaintiff Paul Alexander Blais is one of the most severely injured servicemen who survived the blast. He and his parents move for judgment against Defendants the Islamic Republic of Iran, the Iranian Ministry of Information and Security ("MOIS"), The Iranian Islamic Revolutionary Guard Corps, also known as the Pasdaran, jointly and severally, and in support of their Complaint allege as follows:

I.

JURISDICTION, VENUE AND CHOICE OF LAW

1. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1330, 1331, 1332(a)(2), and 1605(a)(7).

2. Defendants the Islamic Republic of Iran, the Iranian Ministry of Information and Security and the Iranian Islamic Revolutionary Guard Corps, also known as the Pasdaran, are subject to suit in the courts of the United States pursuant to the Foreign Sovereign Immunities Act, as amended, 28 U.S.C. § § 1605(a)(7), 1606, and related statutes.

3. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391(f)(4). Actions for personal injury and related torts perpetrated by foreign state sponsors of terrorism through their officials, employees and agents fall within the meaning of 28 U.S.C. §1605(a)(7) and 28 U.S.C.A. §1605 generally.

II.

THE PARTIES

4. Plaintiff Paul Alexander Blais (hereinafter also referred to as "Blais") is currently a resident of Virginia. At the time he was injured in 1996 he was a resident and domiciliary of Florida. Blais is a United States citizen. He has been incapacitated as a result of his injuries.

5. Plaintiff Curtis A. Taylor is and was the stepfather of Paul A. Blais when he was injured, and resides in Hampton, Virginia. He was a resident of Virginia at the time of his son's injury. He is a citizen of the United States.

2

6. Plaintiff Maria Taylor is the mother of Paul A. Blais and resides in Hampton, Virginia. She is a citizen of the United States. She was a resident of Virginia at the time of her son's injury.

7. Defendant the Islamic Republic of Iran (hereinafter also referred to as "Iran"), is a foreign state that has been designated a state sponsor of international terrorism within the meaning of section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. § 2405j) and section 602A of the Foreign Assistance Act of 1961 (22 U.S.C. 2371) since January 19, 1984. The Islamic Republic of Iran provides material support and resources to Hizballah, a politico-paramilitary terrorist organization. The Islamic Republic of Iran sponsors and provides material support to Hizballah, within the meaning of 28 U.S.C. § 1605 (a)(7) and 28 U.S.C. § 1605 note, by providing it with funding, direction and training for its terrorist activities.

8. As a result of the fact that the defendant the Islamic Republic of Iran has been found to be liable as a foreign state supporting international terrorism under 28 U.S.C. § 1605(a)(7) to victims of state sponsored terrorism for the acts and actions of defendant Hizballah in cases before this Court, including Anderson v. The Islamic Republic of Iran, 90 F. Supp. 2d 107 (D.D.C. 2000), Cicippio v. The Islamic Republic of Iran, 18 F. Supp. 2d 62 (D.D.C. 1998), Higgins v. The Islamic Republic of Iran, Civ. No. 99-377(RCL) (D.D.C. 2000), defendant Islamic Republic of Iran is collaterally estopped in this action from denying that it is liable for the acts and actions of defendant Hizballah.

9. Defendant the Iranian Ministry of Information and Security (hereinafter also referred to as "MOIS") is the Iranian intelligence service and functions both within and beyond Iranian territory. MOIS, acting as an agent of the Islamic Republic of Iran, performed acts within the scope of its agency, within the meaning of 28 U.S.C. § 1605(a)(7) and 28 U.S.C. § 1605 note, that caused the events which gave rise to Paul Blais' injuries. Specifically, MOIS acted as a conduit for the Islamic Republic of Iran's provision of funds, training and direction to Hizballah for its terrorist activities, including the actions relating to the bomb attack on the Khobar Towers complex of Dhahran, Saudi Arabia on June 25, 1996.

3

10. As a result of the fact that the defendant the Iranian Ministry of Information and Security has been found to be liable as a foreign state supporting international terrorism under 28 U.S.C. § 1605(a)(7) to victims of state sponsored terrorism for the acts and actions of defendant Hizballah in cases before this Court, including <u>Anderson v. The Islamic Republic of Iran,</u> 90 F. Supp. 2d 107 (D.D.C. 2000), <u>Cicippio v. The Islamic Republic of Iran</u>, 18 F. Supp. 2d 62 (D.D.C. 1998), <u>Higgins v. The Islamic Republic of Iran,</u> Civ. No. 99-377)(D.D.C. 2000), defendant MOIS is collaterally estopped in this action from denying that it is liable for the acts and actions of defendant Hizballah.

11. Defendant, the Iranian Islamic Revolutionary Guard Corps, also known as Pasdaran, (hereinafter referred to as "IRGC" or "Pasdaran") is a non-traditional agency of the Islamic Republic of Iran. The IRGC, with its own separate ministry, has evolved into one of the most powerful organizations in Iran. The IRGC functions as an intelligence organization, both within and outside the country of Iran. The IRGC exerts considerable influence on the government policies of Iran. In addition, the IRGC has become a powerful military instrument for defending the Islamic fundamentalist revolution and Islamic Republic of Iran and is dedicated to the export of Islamic Fundamentalism principles throughout the world through acts of terrorism. The IRGC is the agency through which Iran prepared and oversaw the actions relating to the bomb attack on the Khobar Towers of Dhahran, Saudi Arabia on June 25, 1996. The IRGC, acting as an agent of the Islamic Republic of Iran, performed acts within the scope of its agency, each within the meaning of 28 U.S.C. § 1605(a)(7) and 28 U.S.C. § 1605 note, as a conduit for the Islamic Republic of Iran's provision of funds, training and direction to defendant Hizballah for its terrorist activities in Saudi Arabia that caused the injuries to the Plaintiff Blais. As a result of the fact that the defendant the Iranian Islamic Revolutionary Guard Corps a/k/a Pasdaran has been found to be liable as a foreign state supporting international terrorism under 28 U.S.C. § 1605(a)(7) to victims of state sponsored terrorism for the acts and actions of defendant Hizballah in the cases of <u>Higgins v. The Islamic Republic of Iran,</u> Civ. No. 99-377 (D.D.C. Sept. 21, 2000), and <u>Surette v. Islamic Republic of Iran</u>, Case No. 01-570 (D.D.C. November 1, 2002), before this Court, defendant

4

Pasdaran is collaterally estopped in this action from denying that it is liable for the acts and actions of defendant Hizballah.

12. Hizballah was formed by Iran utilizing MOIS and IRGC assets as an organization to export Islamic fundamentalism to other Middle Eastern countries and the world through acts of terrorism, including, but not limited to, the actions relating to the bomb attack in the Khobar section of Dhahran, Saudi Arabia on June 25, 1996. Hizballah, acting as an agent of the Islamic Republic of Iran, performed acts within the scope of its agency, within the meaning of 28 U.S.C. § 1605(a)(7) and 28 U.S.C. § 1605 note, that caused the injuries to the Plaintiff Blais.

III.

STATEMENT OF FACTS

13. In June of 1996, Paul Alexander Blais was stationed at Patrick Air Force Base in Cocoa Beach, Florida, when he was sent on a 90-day "rotation" tour of duty to Saudi Arabia. He was a United States citizen who considered Florida to be his home and place of domicile at that time. He planned to return to Florida to complete his military service and his pilot training program, and to qualify as a commercial airline pilot when he left the Air Force. He was a young man of twenty-six in excellent health, with his whole life and career ahead of him. While on his Saudi Arabian tour of duty, he was quartered in the al-Khobar section of Dhahran in a multi-story apartment building used to house military personnel.

14. Several years before, the Islamic Republic of Iran had begun a program of carefully planned acts of terrorism designed to destabilize governments in the Middle East and export principles of Islamic fundamentalism. Its principal agents in this regard were the Iranian Ministry of Information and Security ("MOIS") and the Pasdaran or Iranian Islamic Revolutionary Guard Corps ("IRGC").

15. In the early 1980's Iran, through MOIS and the IRGC, established Hizballah in Lebanon as a terrorist organization employing tactics such as kidnapping, torture and murder. The MOIS and the IRGC provided funding, training and equipment to Hizballah enabling it to pursue and achieve

5

its mission of terrorism. By the early 1990's, the activities of Hizballah were no longer limited to Lebanon. Its operatives were now operating in a number of countries utilizing the tactics taught to them in Iran and the Bekaa Valley in Lebanon at facilities established, operated and supported by the defendants.

16. In this period, the presence of United States personnel in Saudia Arabia was viewed by the Iranian government as supportive of a Saudi monarchy, which was closely allied with Western governments. In its view, a large-scale terrorist operation designed to kill Americans would expose the corruption of the house of Al-Saud and result in a revolution and the establishment of an Islamic Republic in Saudi Arabia. The Iranian government, acting through MOIS, IRGC, Hizballah, and Osama bin Laden, began preparations for a bombing of a target associated with American interests. In 1995, the defendants began months of preparation for such an operation. Hizballah operatives began to scout potential Arabian targets. Small shipments of explosives were smuggled into Saudi Arabia and stored. An elaborate professional intelligence network was established to carry out the mission.

17. By June of 1996, the bomb components had arrived in Saudi Arabia, including high explosives, incendiary materials, and sophisticated fuses as well as the tools for the bomb assembly. The Defendants selected and approved a target in Dhahran to be detonated by Hizballah agents.

18. In the evening of June 25, 1996, two men drove a stolen Mercedes Benz tanker truck containing the bomb into the Saudi compound that surrounded the American sector at the al-Khobar military area near Dhahran. They parked the truck 80-100 feet from a building which housed the American personnel. The men drove away in a waiting Chevrolet Caprice, which had also been stolen as a getaway vehicle. A few minutes later, the bomb exploded. The explosion killed dozens of persons including nineteen American servicemen. Hundreds of others were injured and burned. The blast caused structural damage in buildings a quarter mile away.

19. Paul Alexander Blais was severely injured as a result of the terrorist explosion.

# COUNT I

## ACTION FOR PERSONAL INJURY

(ASSAULT AND BATTERY)

20. Plaintiffs incorporate herein by reference paragraphs 1 through 19 above as if fully set forth at length.

21. Defendants intended to and did cause great physical harm, injury, maiming, and death to plaintiff Blais and his fellow servicemen, and apprehension of those harms to them, by detonating a powerful explosive device in their immediate proximity. They unlawfully, intentionally, and offensively contacted Blais' body through the means of the explosive device in a manner that was intended to injure, maim, and to kill him.

22. As a result of defendants' actions, Plaintiff Blais suffered severe physical injuries which resulted in loss of memory, slurred speech, and other neurological and physical deficits. As a result of his injuries he was in a comatose state for approximately five months. He required many months of intensive medical care and treatment, and many years of rehabilitation therapy, which continues to this day. He has endured great pain and both physical and emotional anguish. He continues to suffer substantial residual physical, neurological, and psychological injuries, impairments and deficits. He is disabled from gainful employment.

23. As a direct and proximate result of the willful, wrongful, intentional, outrageuous and reckless actions of Hizballah members, whose acts was funded and directed by the Islamic Republic of Iran and by MOIS and IRGC, Plaintiff Blais has been severely injured and impaired for life.

24. Defendants the Islamic Republic of Iran, MOIS, and IRGC sponsored and provided material support for Hizballah's terrorist activities within the meaning of 28 U.S.C. § 1605(a)(7). Under 28 U.S.C. § 1606, Defendants the Islamic Republic of Iran, MOIS, and IRGC are liable under any applicable source of law for their actions to the same extent as private parties would be liable for the same actions. Florida law provides causes of action for personal injury by assault and battery to plaintiff Blais pursuant to Section 1606. Federal statutory and common law,

7

including the Flatow Amendment, 28 U.S.C. § 1605 note, may also provide causes of action for his personal injuries through operation of Section 1606.

25. Defendants the MOIS and IRGC, acting on their own as well as as agents of the Islamic Republic of Iran, performed acts within the scope of their agency which caused the injuries to Blais within the meaning of 28 U.S.C. § 1605(a)(7) and 28 U.S.C. § 1605 note.

26. Defendants the Islamic Republic of Iran, the Iranian Ministry of Information and Security, the Iranian Islamic Revolutionary Guard Corps, a/k/a Pasdaran, are jointly and severally liable to plaintiff Blais because they controlled and acted in concert with Hizballah in sponsoring its terrorist activities in Saudi Arabia.

27. WHEREFORE, Plaintiff Paul Alexander Blais demands that judgment be entered against Defendants for damages to compensate him for his injuries, medical expenses, and pain and suffering, in an amount to be determined at trial, but not less than Forty Million Dollars ($40,000,000).

## COUNT II

## ECONOMIC DAMAGES ARISING FROM PERSONAL INJURY

(ASSAULT AND BATTERY)

28. Plaintiff Blais incorporates herein by reference paragraphs 1 through 27 above as if fully set forth at length.

29. Plaintiff Blais incurred economic damages as a result of the injuries he suffered by defendants' assault and battery on his person, and was deprived of income from future employment and employment opportunity.

30. As a direct and proximate result of the willful, wrongful, intentional and reckless acts of Hizballah members, whose acts were funded and directed by Defendants the Islamic Republic of Iran and by the Iranian Ministry of Information and Security (MOIS), and the Iranian Islamic Revolutionary Guard Corps a/k/a Pasdaran (IRGC), Plaintiff Blais incurred economic damages as a result of his severe and disabling injuries and was deprived of income from future employment.

31. For the reasons stated above, Defendants are jointly and severally liable to Plaintiff

8

Blais under Florida law, which is applicable through the operation of Section 1606 of the Foreign Sovereign Immunities Act, and under any other applicable source of substantive law.

32. WHEREFORE, Plaintiff Blais demands that judgment be entered against Defendants, jointly and severally, for his economic injuries as a result of their assault and battery in an amount to be determined at trial, but no less than Forty Million Dollars ($40,000,000).

### COUNT III

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

33. Plaintiffs incorporate by reference paragraphs 1 through 32 above as if fully set forth at length.

34. The act of terrorism in detonating a bomb outside of the Khobar Towers complex in Dhahran, Saudi Arabia, with the intent to kill and maim Americans and which in fact did kill and severely injure Americans, including Plaintiff Blais, constituted extreme and outrageous conduct on the part of Hizballah and its supporters, and was intended to cause severe emotional distress. The extensive planning and preparation which went into the attack further underscores the malicious and heinous nature of the terrorism involved, and demonstrates that it was intended to inflict extreme emotional distress not only on the immediate victims, but also on their close family members.

35. As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizballah members, whose acts were funded and directed by Iran and by the MOIS and the IRGC, Plaintiffs Blais, Curtis A. Taylor, and Maria Taylor, as Blais' parents, suffered severe emotional distress, including extreme mental anguish and emotional and physical pain and suffering. Blais parents' anguish was exacerbated because the initial reports from the bomb site were to the effect that their son had been killed. It was only several days later that Paul Blais was discovered to have survived the blast when a fellow serviceman identified him, unconscious and disfigured, but alive, in a Saudi hospital.

36. Defendants are directly and vicariously responsible for Hizballah's actions because they funded, trained, and directed Hizballah and acted in concert with Hizballah in sponsoring

9

the terrorist attack on Khobar Towers.

37. Plaintiff Blais was an intended and directly affected victim of defendants' plan to intentionally inflict emotional distress on the victims of their terrorist acts, and is entitled to compensation under Florida law. His parents, plaintiffs Curtis A. Taylor and Maria Taylor, were also intended and directly affected victims of defendants' plan to intentionally inflict emotional distress on the victims of their terrorist acts, which are fully intended to affect and harm the close family members of those killed and wounded no less than the physical victims themselves. Plaintiffs Curtis and Maria Taylor, as the parents of plaintiff Blais, are entitled to recover damages for their emotional distress under the law of Florida, or alternatively under the law of Virginia.

38. For the reasons stated above, Defendants are jointly and severally liable to Plaintiffs Paul Blais, Curtis Taylor, and Maria Taylor for the intentional infliction of emotional distress.

WHEREFORE, Plaintiffs demand that judgment be entered against Defendants, jointly and severally, in an amount to be determined at trial, but not less than Twenty Million Dollars ($20,000,000) for each plaintiff.

**Count IV**

**SOLATIUM AND LOSS OF CONSORTIUM**

39. Plaintiffs incorporate by reference paragraphs 1 through 38 above as if fully set forth at length.

40. As a direct and proximate result of the willful, wrongful, intentional, and reckless acts of Hizballah members, whose acts were funded and directed by Iran and by MOIS and the IRGC, Plaintiffs Curtis A. Taylor and Maria Taylor were deprived of the assistance, society and companionship of their son, Paul A. Blais, for extended periods of time when he was comatose and otherwise incapacitated. They are still deprived of the assistance, society, and companionship of the healthy and vibrant son they knew and loved prior to the terrorist attack described above. This has caused them to suffer, among other things, extreme mental anguish and emotional and physical pain and suffering.

41. As a result, Plaintiffs Curtis and Maria Taylor are entitled to damages for solatium

10

and/or loss of consortium under Florida law, or alternatively, under the law of Virginia, pursuant to the operation of Section 1606 of the FSIA.

42. For these reasons, and also pursuant to the operation of Section 1606 of the FSIA as it makes applicable 28 U.S.C.§ 1605, which specifically authorizes an action for solatium in civil actions for money damages resulting from terrorist acts, Defendants are jointly and severally liable to plaintiffs Curtis A. Taylor and Maria Taylor in an amount to be determined at trial, but not less than Twenty Million Dollars ($20,000,000) for each plaintiff.

**Count V**

**PUNITIVE DAMAGES**

43. Plaintiffs incorporate by reference paragraphs 1 through 42 above as if fully set forth at length.

44. The actions of defendants acting in concert to carry out their unlawful objectives were malicious and willful, wanton and reckless in their disregard for human life and limb, and caused severe injuries to Plaintiff Blais and untold pain and suffering to him and to his parents, plaintiffs Curtis A. Taylor and Maria Taylor.

45. The actions of Hizballah were undertaken at such time as they were operating for and in the service of Defendants Iran, MOIS, and the IRGC, and in concert with those defendants, which are therefore both vicariously and directly liable to plaintiffs.

46. Defendants MOIS and the IRGC are officials, agents, and/or employees of Iran who performed acts within the scope of their offices, agencies, and/or employment, which caused severe injuries to plaintiff Blais.

47. For the reasons stated above, and pursuant to Florida law as well as 28 U.S.C. § 1605 note and 28 U.S.C. § 1606, which specifically authorize a cause of action for punitive damages in civil actions for money damages resulting from terrorist acts, Defendants MOIS and the IRGC are jointly and severally liable to plaintiffs for punitive damages. Plaintiffs demand an award of punitive damages against those defendants jointly and severally, in the amount of FIVE HUNDRED MILLION DOLLARS ($500,000,000).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court grant judgment in their favor and against Defendants on Counts I through V, and grant Plaintiffs:

A. Compensatory damages in favor of plaintiffs as against Defendants jointly and severally, in the amounts demanded hereinabove;

B. Punitive Damages in favor of Plaintiffs as against Dfendants in the amount demanded hereinabove;

C. Reasonable costs and expenses;

D. Reasonable attorneys' fees; and

E. Such other and further relief as the Court may determine to be just and equitable in the circumstances.

Respectfully submitted,

_____
Paul G. Gaston (DC Bar # 290833)
LAW OFFICES OF PAUL G. GASTON
1120 19th Street, NW, Suite 750
Washington, DC 20036
202-296-5856

*Attorney for Plaintiffs*

DATED: December 15, 2003