# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

PAUL ALEXANDER BLAIS, *et al*,

               Plaintiffs

ISLAMIC REPUBLIC OF IRAN, et al

               Defendants

\* \* \* \* \* \* \* \* \* \*

Civil Action No. 02-285 (RCL)

## MOTION TO REVIVE JUDGMENT CREDITORS' JUDGMENT OF SEPTEMBER 29, 2006

Judgment Creditors, (1) Paul Alexander Blais, (2) Curtis Taylor and (3) Maria Taylor (collectively, Judgment Creditors), pursuant to 28 U.S.C. § 1610 and Federal Rule of Civil Procedure 69, hereby move this Court for an Order to revive the Judgment entered by this Court on September 29, 2006, in favor of the Judgment Creditors and against Defendants, the Islamic Republic of Iran ("Iran"), the Iranian Ministry of Information and Security ("MOIS"), and the Iranian Islamic Revolutionary Guard Corps ("IRGC").

In support of this Motion, the Judgment Creditors state as follows:

*1.* On September 29, 2006, this Court entered a judgment in favor of the Judgment Creditors and against Iran, MOIS, and IRGC, jointly and severally, for compensatory damages, in the amount of $28,801,792.00. *ECF # 43.*

2.    On December 12, 2011 this Court entered an Order Authorizing Enforcement of the Court's Judgment. *ECF # 53.*

3.    Pursuant to D.C. Code § 15-101, which provides for a twelve-year lifespan on a judgment, the Judgment in this case will expire on September 29, 2018. Under established law, this Court has the authority to revive the Judgment for an additional twelve years and the Judgment Creditors respectfully urge the Court to do so.

4.    The Judgment Creditors have taken steps in courts in the United States, the United Kingdom and Canada to enforce and satisfy the Judgment. However, those actions, while still ongoing, have not as yet borne fruit and to date no portion of the Judgment has been collected or satisfied.

5.    Section 15-101(a)(1) of the District of Columbia Code provides for a twelve-year life span for a judgment, which functions as a statute of limitations on the amount of time a judgment creditor has to initiate enforcement proceedings on a judgment. *See* D.C. Code § 15-101(a)(1) (stipulating, in part, that money judgments are "enforceable by execution thereon, for the period of twelve years only from the date from an execution might first be issued thereon"); *see also Nat'l. Bank of Wash. v. Carr*, 829 A.2d 942, 943 (D.C. App. 2003) (holding that D.C. Code § 15-101 functions as a statute of limitations).

However, the twelve-year life span of a judgment can be renewed when the judgment creditors move to revive the judgment before the twelve-year life span ends. Indeed, the D.C. Circuit has made clear that, "when a motion for renewal of a money judgment is made within the twelve-year period prescribed in D.C.Code § 1501(a), an order extending judgment that is entered after expiration of the statutory period is valid and enforceable." *United States v. Cortez Peters Bus. Coll.*, case no. 87-5730 865 F.2d 1330 at 1 (D.C. Cir. Dec.

30, 1988); *accord Michael v. Smith*, 221 F.2d 59 (D.C. Cir. 1955) (holding that judgment creditor only needed to make motion to revive judgment within twelve-year enforcement period under D.C. Code 15-101 in order to renew twelve-year life span of the judgment); *see also Carr* 829 A.2d at (agreeing with the D.C. Circuit's reasoning in *Michael v. Smith* and holding that motion to renew judgment made within twelve-year enforcement period was sufficient to permit court to extend life of judgment for another twelve years). Courts generally grant timely motions to revive unless the judgment debtor establishes, "that the judgment has been released, paid, otherwise discharged, or is barred from revival by time." *Hotel & Rest. Empees. v. Dutch Inns of Am., Inc.*, No. 78-0471 1989 U.S. Dist. LEXIS 9956, at 7 (D.D.C. Aug. 18, 1989).

Judgment Creditors' motion to revive, made within the twelve-year statute of limitations, is timely. Their Judgment has not been paid or otherwise discharged. Accordingly, Judgment Creditors respectfully request that the Court grant their motion to revive the Judgment of September 29, 2006 and extend the life of the judgment for another twelve years until September 29, 2030.

Respectfully submitted,

Neal M. Sher, Esq. (NY 0124)
551 Fifth Avenue, 31st Floor
New York, NY 10176
347-306-2860
nealsher@gmail.com
Attorney for Judgment Creditors

Dated: September 9, 2018

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| PAUL ALEXANDER BLAIS, *et al,* | * | |
| | * | |
| Plaintiffs | * | Civil Action No. |
| | * | 00-2328 (RMU) |
| | * | |
| ISLAMIC REPUBLIC OF IRAN, et al | * | |
| | * | |
| Defendants | * | |

### ORDER

Upon consideration of Judgment Creditors' Motion to Revive Judgment of September 29, 2006, the Court hereby GRANTS such motion. The Judgment is extended in favor of the Judgement Creditors and against the Defendants for another twelve years, or September 29, 2030.

SO ORDERED, this_____day of_____, 2018.

_____
United States District Judge